**STATE of Tennessee, Appellee,**

v.

**Darold CANNON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 28, 1982.

Permission to Appeal Denied by Supreme Court Jan. 24, 1983.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Henry Williams, Asst. Dist. Atty. Gen., Memphis, for appellee.

Joe B. Jones, Shelby County Public Defender, Acting, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Darold David Cannon, and one Henry Leon Watkins, were indicted by the Shelby County grand jury for grand larceny of a tractor belonging to Jerry S. Howell on September 30, 1980. On his separate trial, the appellant was convicted of an attempt to commit a felony and sentenced to the penitentiary for a term of not less than two nor more than five years.

On his appeal Cannon challenges (1) the validity of the indictment returned against him; (2) the photographic identification of him; (3) the sufficiency of the evidence;

and (4) the trial judge's refusal to declare a mistrial during voir dire examination of the jury and during the state's closing argument. We find no reversible error and affirm the conviction.

In a pretrial motion, the appellant sought to dismiss the indictment on the ground that the selection process of the grand jury foreperson in Shelby County violated the federal and state constitutions in that it discriminates against females. He makes no claim of racial discrimination, it appearing that the present foreman is a black male and that a black female has recently served as foreman pro tem.

Stipulated evidence showed that five male foremen have served since 1957. The present foreman, Felton J. Earls, was appointed on September 16, 1975, and has served continuously since his appointment. Females outnumber males in Shelby County according to the 1970 federal census.

Evidence of the procedure for selecting grand jury foremen was presented through the October 3, 1979, transcript of the testimony of Judge Bernie Weinman and the November 13, 1980, transcript of the testimony of Judge James C. Beasley, Chief Judge of the Criminal Courts of Shelby County at that time. That evidence showed that Judge Weinman appointed Mr. Earls in 1976 and reappointed him in 1978; that Judge Beasley appointed Mr. Earls in 1980. In Mr. Earl's absence Judge Weinman appointed Ms. Muriel E. Stringer, a female, as foreman pro tem in March 1976 and she served for a period of one day.

■ The state insists that the appellant failed to establish a prima facie case of systematic exclusion of females from consideration for the position of grand jury foreman because the number of individuals appointed to that position is so statistically insignificant that discriminatory intent cannot be shown by merely pointing to the number of individuals appointed and their sex. We agree.

On the question of sexual discrimination, this court has recognized that grand jury foreman appointments need be scrutinized from 1975 when *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), established the necessity for including women in order to achieve cross-sectional representation on grand juries. *State v. Beal,* 614 S.W.2d 77, 79 n. 2 (Tenn.Cr.App.1981).

Since 1975 only one foreman was selected and he was reappointed two times, based on his exemplary performance. In his absence a woman was appointed foreman pro tem. These facts are insufficient statistical proof of gender-based systematic discrimination to make a prima facie case. *State v. Beal,* supra, at 78–79, citing *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979).

■ Even if this evidence could be construed as establishing a prima facie case, there was ample evidence to dispel any prima facie showing.

In making his original appointment, Judge Weinman considered both men and women for the position. Before reappointing Mr. Earls, Judge Weinman considered the appointment of a woman or another man. He specifically interviewed Ms. Pat Shaw and found that her active role as an executive did not give her sufficient time to perform the duties required. He also considered Ms. A. Maceo Walker. It is apparent that Mr. Earl's service was highly satisfactory, and Judge Weinman reappointed him because of his excellent performance. As we have indicated, Judge Weinman appointed a woman foreman pro tem in the absence of the regular foreman. In filling the position of foreman, Judge Weinman thought that it was necessary to consider persons from all segments of the population and not to limit it to any one. The record reflects that he did that.

Likewise, Judge Beasley's testimony shows that women were considered for the position. Ms. Ethel Venson and Ms. Gwen Awsumb, as well as a third unnamed woman, were specifically considered prior to the reappointment of Mr. Earls in the fall of 1979 for the 1980 term of court. Ms. Venson was nominated for the position but it was found that one of her relatives was on the staff of the district attorney general.

It is clear that women were considered for the position of foreman and that factors other than discrimination constituted the basis for appointment and reappointment of the foreman.

Contrary to the appellant's contention, the trial judges' testimony went far beyond the mere affirmation of good faith found to be insufficient in *Alexander v. Louisiana*, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). This issue is without merit.

■ In his challenge to the photographic identification of the appellant by Jerry Howell, the appellant argues that the photographic display was suggestive and that the witness should not have been permitted to identify the appellant at the trial. The court properly denied the motion to suppress at a jury-out hearing where the record shows no suggestiveness in the identification procedures.

Mr. Howell testified that on the day of the crime an officer brought a group of five or six photographs to his home and asked him to examine them. The officer laid the photographs on the table, indicating that he wanted Mr. Howell to look at them. Mr. Howell denied that he was shown the photographs expressly to choose the two individuals in question. Mr. Howell identified the two defendants, signing his initials on the back of the photographs.

The suppression hearing appeared to be more a vehicle for discovery than a presentation of evidence of suggestiveness. We find no impermissive suggestiveness such as to give rise to a substantial likelihood of irreparable misidentification. See *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). This issue is meritless.

The evidence at trial showed that on September 30, 1980, at about 6:40 a.m., Jerry Howell, went to a landfill in Shelby County operated by him and his brother. As he and a friend, John Burnett, arrived there, he noticed that the padlock securing the gate had been cut and the gate was open. Inside one of Howell's front-end loaders or tractors had been placed on a lowboy trailer

and a Ford pickup truck attached to it. Howell positively identified the appellant as the driver of the Ford pickup truck which was about to leave with his tractor valued at $4000 to $5000.

Howell blocked the gate with his vehicle and approached the truck operated by the appellant. Both the appellant and his companion cursed Howell, telling him to move his truck. When Howell approached the passenger side of the pickup truck, the appellant kicked him in the chest. The passenger, whom Howell identified from photographs, in the meantime, jumped in Howell's truck and, cursing, threatened to move it. Howell asked his friend to call the police and he armed himself with a plow point. At this time the appellant and his companion abandoned their truck, leaving the keys in it. They walked up the landfill and disappeared.

When Officer Hackney arrived, he found that the pickup truck attached to the lowboy trailer was registered to W.G. Foley. Mr. Foley testified that he had loaned his pickup truck to the appellant to haul wood and that the appellant had called at 9:30 a.m. on September 30 to say that he had left it at Essie's Lounge.

In his defense, the appellant relied on an alibi. He testified that he had borrowed Mr. Foley's truck and used it in performing odd jobs on September 29 and 30. On the evening of September 29, he parked the truck at Essie's Lounge in Memphis and placed the keys under the seat. He met Don Pressley and they drank a quantity of beer. Leaving Memphis at about 10:00 p.m., they drove to Texarkana, Texas, arriving there about 3:00 or 4:00 a.m., September 30. He called Mr. Foley that morning to tell him the location of his vehicle, but then learned that the police had the vehicle in their possession.

Cannon's stepfather testified as to his arrival in Texarkana about 1:00 or 2:00 a.m. on September 30 and Cannon's sister said that she saw him there about 8:00 a.m. on that day.

At trial the appellant said that he had not talked to Pressley for 7 or 8 months. When

he attempted to call Pressley he found that his number was unlisted and Pressley's family was unable to put the appellant in touch with him.

■ The appellant's alibi defense, based upon his testimony and that of his sister and stepfather, was for the jury to accept or reject. *Griffin v. State*, 599 S.W.2d 274 (Tenn.Cr.App.1979). Howell positively identified the appellant as the driver of the truck that was about to take his tractor away from his premises. The elements of an attempt to commit a felony were clearly proved. *Bennett v. State*, 530 S.W.2d 788 (Tenn.Cr.App.1975). The evidence fully supports the jury's verdict finding Cannon guilty beyond a reasonable doubt. T.R.A.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ During the voir dire examination of the jury, it developed that prospective juror Thomas had a friend who had been convicted of larceny. In his inquiry the prosecutor explained the importance of a fair and impartial jury to both the defendant and the state. These statements were relative to an exploration of the juror's interest or bias and his qualifications to serve. The trial judge did not abuse his discretion in permitting the remarks and there was no occasion for declaring a mistrial.

■ In closing argument the prosecutor pointed out that the appellant's alibi witnesses were all relatives and that he had not called others to testify. We do not think that this exceeded the bounds of legitimate argument and the court properly declined the motion for a mistrial. In any event, it could not have affected the verdict. TRAP 36(b).

The judgment is affirmed.

DUNCAN and BYERS, JJ., concur.